616 A.2d 974

COMMONWEALTH of Pennsylvania, Appellee,

v.

Raul VALLEJO, Appellant.

Supreme Court of Pennsylvania.

Argued April 8, 1992.

Decided Nov. 20, 1992.

John W. Packel, Chief, Appeals Div., Paul M. George, Philadelphia, for appellant.

Ronald Eisenberg, Deputy Dist. Atty., Catherine Marshall, Chief, Appeals Div., Harriet Brumberg, Philadelphia, for appellee.

Before McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal, by allowance, from a memorandum decision of the Superior Court 410 Pa.Super. 658, 590 A.2d 378 (1991), which affirmed a judgment of sentence imposed by the Philadelphia Court of Common Pleas upon the appellant, Raul Vallejo. In 1989, appellant was convicted in a trial by jury of possession with intent to deliver cocaine. A mandatory term

of three to six years imprisonment was imposed. The factual background of the case is as follows.

On February 9, 1989, at approximately 8:20 p.m., in a section of Philadelphia known for drug dealing activities, two police officers in an unmarked police vehicle saw appellant approach the front passenger door of a double-parked automobile. They saw appellant reach into a brown paper bag that he was holding and withdraw a clear glassine packet containing a white substance. Appellant showed the substance to the passenger in the automobile. Suddenly, appellant noticed that one of the officers was watching him. He turned and began to walk away. One of the officers exited from the police vehicle and approached appellant. From a distance of approximately twelve feet, the officer saw appellant drop the brown paper bag and take a few steps. Appellant was immediately placed under arrest. The brown paper bag, then located only a few feet away, was retrieved. It contained six "zip-lock" plastic bags of chunk cocaine and six smaller plastic bags of powdered cocaine. The total weight of the cocaine in the plastic bags was approximately 65 grams. This would have been sufficient for approximately 1,300 doses of the drug. Another small packet of cocaine, weighing 2.2 grams, and a ten dollar bill were found in appellant's pocket.

At trial, appellant testified in his own behalf. He admitted that he had been involved in the drug transaction, but asserted that he had been the purchaser rather than the seller and claimed that he obtained for personal use the one small packet of cocaine found in his pocket. He claimed that he did not drop the paper bag containing the large quantity of cocaine, and, further, asserted that he had never been in possession of it.

Appellant contends that the trial court erred in excluding certain defense testimony. The defense sought to introduce testimony from appellant's mother to the effect that appellant is somewhat mentally retarded. Appellant's mother would also have testified that appellant suffered problems in school in his early years. On the basis that the proffered testimony lacked relevancy, it was excluded.

It is argued, however, that the testimony was relevant to show that appellant lacked the intelligence necessary to conduct drug sales of such magnitude as would be necessary to dispose of 65 grams of cocaine. Appellant claims that a person of low intellect would not likely have been engaged in substantial drug sales. In essence, appellant claims that he was smart enough to purchase drugs but not smart enough to sell them. We find no merit in this claim.

If this Court were to hold that evidence of a defendant's intelligence is admissible in a prosecution for drug dealing, the result would be to focus the jury's attention upon a red herring that has absolutely no connection with the defendant's guilt or innocence. A defendant with a high intelligence quotient could argue that he was too smart to have engaged in the foolish and risky business of selling drugs. A defendant with a low intelligence quotient could argue, as appellant has done, that the business of selling drugs is a highly complex venture that requires substantial intellect.

It is common knowledge, however, that the vast majority of offenders who deal drugs on the streets are not particularly intelligent or well educated. Indeed, many are severely lacking in mental wherewithal and education. Nowadays there are even young children dealing drugs at school and on the streets. Clearly, educational achievement and mental development are not prerequisites to the business of selling drugs.

Selling drugs on the streets requires no great measure of business acumen. As long as the seller knows the price of his drug packets, and knows the very simple arithmetic necessary to count money, nothing more is required.

It is well established that evidence is not relevant unless the inference sought to be raised by it bears upon a matter in issue and renders the desired inference more probable than it would be without the evidence. *Commonwealth v. Scott,* 480 Pa. 50, 54, 389 A.2d 79, 82 (1978). In excluding the testimony from appellant's mother, the trial court noted that there was no indication that she was prepared to testify that appellant could not count money, give change, or understand

drug quantities. Further, a review of appellant's own testimony reveals that he understood money, was able to calculate change, and was aware of the quantities in which cocaine is sold. The proffered testimony that appellant was of low intellect and that appellant had experienced difficulties in school would not have been relevant to the question of whether he was engaged in the drug business. Thus, the trial court was fully within its discretion to exclude such testimony on the basis that it lacked relevance. See generally *Commonwealth v. Cargo*, 498 Pa. 5, 15, 444 A.2d 639, 644 (1982) (trial court's discretion on evidentiary rulings).

■ Appellant further asserts that testimony regarding his purportedly limited intellect would have enhanced his credibility by providing jurors with a possible explanation for any hesitancy or confusion that they might have observed during his testimony. The trial court, however, having had the opportunity to observe appellant's demeanor, concluded that appellant displayed absolutely no problem with memory, understanding, or the ability to express himself. Indeed, a review of the record reveals that appellant exhibited no hesitancy or confusion. Appellant was perfectly conversant, responsive, and thorough in his testimony during both direct and cross-examination.* In short, appellant's contention that his testimony, and thus his credibility, was affected by his allegedly low intellect is without basis.

■ The final issue raised in this appeal concerns the mandatory sentencing provision, 18 Pa.C.S. § 7508(a)(3). Appellant asserts that, inasmuch as this provision makes application of a mandatory minimum sentence dependent upon the weight of the substance involved in the offense, such weight should be determined by weighing the pure cocaine contained in the substance rather than by weighing the mixture of cocaine and cutting agents that together comprise the substance. We have already considered and rejected this argu-

---

* Because appellant speaks Spanish and has a rather limited understanding of English, an interpreter was provided at trial to facilitate his testimony.

ment. *Commonwealth v. Corporan,* 531 Pa. 348, 613 A.2d 530. Accordingly, appellant's sentence must be affirmed.

Judgment of sentence affirmed.

CAPPY, J., concurs in the result.

NIX, C.J., and LARSEN, J., did not participate in the consideration or decision of this case.

McDERMOTT, J., did not participate in the decision of this case.