707 A.2d 1387

STATE OF NEW JERSEY, PLAINTIFF/RESPONDENT,
v. CHRISTOPHER JOSEPH WILLIAMS,
DEFENDANT/APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 10, 1998—Decided April 14, 1998.

Before Judges PRESSLER, WALLACE and CARCHMAN.

*Lon Taylor,* Assistant Deputy Public Defender, argued the cause for appellant (*Ivelisse Torres,* Public Defender, attorney; *Mr. Taylor,* of counsel and on the brief).

*Catherine A. Foddai,* Deputy Attorney General, argued the cause for respondent; *Peter Verniero,* Attorney General, attorney; (*Linda A. Rinaldi,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

WALLACE, Jr., J.A.D.

Defendant Christopher J. Williams was convicted by a jury of third degree possession of cocaine, *N.J.S.A.* 2C:35–10(a)(1) (count one); second degree possession with the intent to distribute one-half ounce or more of cocaine, *N.J.S.A.* 2C:35–5(b)(2) (count two); and third degree possession of cocaine with the intent to distribute within a school zone, *N.J.S.A.* 2C:35–7 (count three). The judge granted the State's motion to impose an extended term and sentenced defendant to a twenty year term, with a ten year period of parole ineligibility.

On appeal, defendant makes the following arguments:

POINT I:

*N.J.S.A.* 2C:35–5b(2), WHICH PROSCRIBES THE POSSESSION OF ONE–HALF OUNCE OR MORE OF ILLEGAL DRUGS "INCLUDING ANY ADUL-TERANTS OR DILUTANTS," MUST BE INTERPRETED TO MEAN THAT MOST OF THE SUBSTANCE CONSISTS OF THE ILLEGAL DRUG. (Not Raised Below).

POINT II:

THE TRIAL COURT'S JURY INSTRUCTION THAT "THE STATE NEED NOT PROVE THE DEFENDANT'S KNOWLEDGE AS TO THE QUANTITY OF THE DRUGS" WAS ERRONEOUS. (Partially Raised Below).

POINT III:

THE MAXIMUM EXTENDED TERM OF 20 YEARS IMPRISONMENT WITH 10 YEARS OF PAROLE INELIGIBILITY ON THE DRUG CHARGE WAS EXCESSIVE.

Defendant, also submitted a supplemental *pro se* brief, in which he contends:

POINT I:

THE STATE'S MISUSE OF EXPERT WITNESS TESTIMONY TO: (a) BOL-STER THE TESTIMONY OF THE STATE'S FACT WITNESSES, (b) TO OPINE ON SUBJECTS BEYOND THE KEN OF THE JURY, AND (c) TO INFER DEFENDANT'S GUILT FROM COMMON CONDUCT OF DRUG DEALERS DEPRIVED DEFENDANT OF DUE PROCESS OF LAW AND A FAIR TRIAL. (Not Raised Below).

POINT II:

THE CORRELATION OF REFERENCES TO DEFENDANT'S PRIOR CON-VICTIONS, ARRESTS BY "NARCOTICS UNIT" DETECTIVE OELS AND THAT THE NARCOTICS UNIT WAS INVESTIGATING DEFENDANT, DE-FEATED THE SANITIZATION OF DEFENDANT'S CONVICTIONS AND CREATED THE INFERENCE THAT DEFENDANT WAS DISPOSED TO-

WARDS THE CRIMINAL CONDUCT CHARGED, THEREBY DEPRIVING DEFENDANT OF AN IMPARTIAL JURY AND A FAIR TRIAL.

*POINT III:*

THE ADMISSION OF TESTIMONY THAT A NON-TESTIFYING WITNESS HAD TOLD POLICE THAT DEFENDANT POSSESSED DRUGS DEPRIVED DEFENDANT OF THE RIGHT TO CONFRONTATION AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, PARA. 10 OF THE NEW JERSEY CONSTITUTION. (Not Raised Below).

We have carefully considered defendant's arguments in his main brief and *pro se* supplemental brief, and, except for his sentencing argument, his contentions are without merit. *R.* 2:11-3(e)(2). Before turning to the sentencing issue, we offer brief comment on defendant's assertion that *N.J.S.A.* 2C:35-5(b)(2) is unconstitutionally vague and therefore, his conviction for second degree possession with intent to distribute must be reduced.

At trial, the State presented evidence that on June 8, 1994, between nine and ten p.m., Detective William Oels and several other officers, based upon information received from a confidential informant, conducted a surveillance of buses returning to New Brunswick from New York City. Specifically, the officers expected defendant to return with a quantity of cocaine from New York. The officers observed defendant depart from a bus and light a cigarette.

Oels stated that defendant dropped his cigarette as he saw the officers approaching and threw a plastic bag on the sidewalk. Another officer recovered the bag which contained cocaine. After a brief struggle, defendant was arrested. The State presented Sergeant Christopher Engram as an expert, in the use and distribution of controlled dangerous substances. Engram testified that the contents of the bag, with a net weight of 15.84 grams tested positive for cocaine. The State and the defendant agreed upon and entered into a stipulation that the contents of the recovered bag were properly analyzed, and that the contents tested positive for cocaine in the amount of 15.84 grams, over one-half ounce.

■ Defendant testified on his own behalf. He admitted the police officers' version of events was correct, except he denied turning his back to the officers and throwing anything on the ground. Defendant now contends that *N.J.S.A.* 2C:35–5b(2) is unconstitutionally vague and, therefore, his conviction for second degree possession with intent to distribute must be reduced.

■ A facially vague statute is one that is impermissibly vague in all its applications; it proscribes no conduct with sufficient certainty. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 *U.S.* 489, 495, 102 *S.Ct.* 1186, 1191, 71 *L. Ed.*2d 362, 369 (1982).

Under the prior version of *N.J.S.A.* 2C:35–5b(2) to "make out an offense for either a first or second degree crime, the State had to prove that at least 3.5 grams of the total weight of the substance was 'pure freebase drug'." *State v. Gosa*, 263 *N.J.Super.* 527, 536, n. 4, 623 *A.*2d 301 (App.Div.), *certif. denied,* 134 *N.J.* 477, 634 *A.*2d 525 (1993). However, the Legislature deleted the requirement for a minimum quantity of pure free base drug in a drug-adulterant mixture in 1988. Cannel, *New Jersey Criminal Code Annotated,* comment 3 on *N.J.S.A.* 2C:35–5 (1998).

In *Gosa*, we held that under *N.J.S.A.* 2C:35–5b, when determining the weight of the drug for the various offenses, the listed drugs include "any adulterants or dilutants." *Gosa, supra,* 263 *N.J.Super.* at 536, 623 *A.*2d 301. Further, we noted that "[o]ther jurisdictions have held that for purposes of sentencing, the weight of the [controlled dangerous substance] takes into account the weight of the mixture of the cocaine and any cutting agents, not just the weight of the pure cocaine." *Ibid.* (citing *United States v. Touby,* 909 *F.*2d 759, 772 (3d Cir.1990), *aff'd,* 500 *U.S.* 160, 111 *S.Ct.* 1752, 114 *L. Ed.*2d 219 (1991); *Commonwealth v. Vallejo,* 532 *Pa.* 558, 616 *A.*2d 974, 976–77 (1992)). Thus, under the plain meaning of the statute, a defendant who possesses one-half ounce of cocaine including the weight of any adulterants or dilutants may be charged with a second degree crime. *See also State v. Land,* 136 *N.J.Super.* 354, 358, 346 *A.*2d 411 (App.Div.1975), *rev'd on*

*other grounds,* 73 *N.J.* 24, 372 *A.*2d 297 (1977) (holding that the stalks and seeds of marijuana are adulterants and may be included in the weight of marijuana charged). We are convinced the statute is clear on its face and prohibits the possession of one-half ounce or more of cocaine and any adulterants, not just the weight of the cocaine itself.

■ We turn now to defendant's sentencing argument. The State filed a motion for an extended term. On June 23, 1995, after argument on the motion, the trial judge stated:

> Well, I have reviewed the presentence report in this matter. I have reviewed the papers. I grant the motion for the extended term.

From the record, we infer, but we cannot be sure, that the trial judge sentenced defendant to a mandatory extended term under *N.J.S.A.* 2C:43–6(f). The judge also found aggravating factors three, the risk that defendant will commit another offense; six, the extent of the defendant's prior record; and nine, the need for deterring the defendant and others from violating the law under *N.J.S.A.* 2C:44–1, and found no mitigating factors.

The trial judge merged count one, the third degree possession of a controlled dangerous substance, into count two, the third degree possession of a controlled dangerous substance with intent to distribute, and sentenced defendant to an eighteen year term with a nine year parole bar on count two. On count three, the judge sentenced defendant to a ten year term consecutive to count two, with a five year parole disqualifier.

The judge revisited defendant's sentence on June 28, 1995, because of an error which had occurred in sentencing on June 23, 1995. The judge vacated the sentence of June 23, and merged count three, the possession with intent to distribute within 1000 feet of school property with count two, third degree possession of a controlled dangerous substance with intent to distribute. *See State v. Gonzalez,* 241 *N.J.Super.* 92, 574 *A.*2d 487 (App.Div.1990). However, the judge, without giving any reason, modified her prior sentence of eighteen years with a nine year parole disqualifier on

count two, to a twenty year term with a parole ineligibility period of ten years.

Here, at resentencing the court imposed the maximum term of twenty years with ten years of parole ineligibility. The presumptive sentence for a first degree extended sentence is fifteen years. *N.J.S.A.* 2C:44–1(f)(1)(b). The judge did not explain her reasons for imposing an extended sentence above the presumptive period or give reasons for the parole ineligibility period.

■ In this regard, although addressing a mandatory extended Graves Act term, our Supreme Court held in *State v. Jefimowicz,* 119 *N.J.* 152, 163, 574 *A.*2d 428 (1990), that in determining a mandatory extended term, the trial judge "should weigh aggravating and mitigating factors to determine the 'base term' and to fix the period of parole ineligibility as ... outlined in *Dunbar."* Thus, consistent with *State v. Dunbar,* 108 *N.J.* 80, 92, 527 *A.*2d 1346 (1987), the sentencing judge must be "clearly convinced that the aggravating factors substantially outweigh the mitigating factors" before imposing a parole disqualifier. The *Dunbar* court instructed:

> [i]n determining parole ineligibility it would clearly be necessary to take into account the defendant's entire prior record as part of the weighing process. The reasoning that supports the differing role of the prior record in the two settings of base term and parole disqualifier is that if the court gives qualitative weight to the prior offenses in setting the range of the extended term, it will almost always end up at the higher range of an extended sentence. The Legislature probably did not intend that. But if the court does not consider the prior offenses in setting parole ineligibility, it may often end up with no parole ineligibility since there might not be sufficient other aggravating factors to clearly and substantially outweigh the mitigating factors, a result the Legislature also probably did not intend.
>
> [*Dunbar, supra,* 108 *N.J.* at 93, 527 *A.*2d 1346.]

■ Further, in explaining the difficulty in weighing aggravating and mitigating factors, the Court noted:

> [t]he reasoning that harmonizes the imposition of parole ineligibility on a presumptive term for an extended sentence is the same reasoning that leads to the conclusion *that the prior offenses should not be considered (or at least not as much) in deciding whether the sentence should be increased above or decreased below the presumptive term but should be used in deciding on parole ineligibility*
> . . .

[*Id.* at 94, 527 *A*.2d 1346] (emphasis added).

█ We also note our concern in the judge's decision to increase defendant's sentence on count two. Again the record is devoid of any reasons for this increase. Clearly, defendant should have an opportunity to mount his arguments against any increase in his prior lawful sentence on count two.

We, therefore, remand the entire sentence for reconsideration in light of our concerns. *See e.g., State v. Pennington,* 301 *N.J.Super.* 213, 220, 693 *A.*2d 1222 (App.Div.), *certif. denied,* 151 *N.J.* 466, 700 *A.*2d 878 (1997)("[i]nadequate explanation of the sentencing judge's reasons for each of the sentences prevents us from exercising meaningful review and generally requires a remand for resentencing.")

The judgment of conviction is affirmed. The sentences are reversed and remanded for resentencing consistent with this opinion.