J-A25010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS R. BURNS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLINTON R. BURNS | : | No. 1293 WDA 2020 |

Appeal from the Order Entered October 28, 2020
In the Court of Common Pleas of Clarion County Civil Division at No(s):
874 CD 2020

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY COLINS, J.: **FILED: MARCH 8, 2022**

I respectfully dissent from the well-written majority memorandum as I feel that the trial court abused its discretion by finding that Appellant, Thomas R. Burns. had not established grounds for a final order under the Protection From Abuse ("PFA") Act.[1] Specifically, I believe that Appellant demonstrated by a preponderance of the evidence that Appellee, Clinton R. Burns, inflicted abuse upon Appellant, who is Appellee's 74-year old uncle, by "intentionally, knowingly or recklessly causing bodily injury" during the September 7, 2020 incident that precipitated the filing of the instant PFA petition. 23 Pa.C.S. § 6102(a).

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 23 Pa.C.S. §§ 6101-6122.

As the majority observes, a definition of "bodily injury" does not appear in the PFA Act, but the term is defined in the Crimes Code as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. Appellant testified that, while he was in the process of filling his truck with water from a cistern on his farm, Appellee approached him by surprise from behind and shoved the heavy truck door onto Appellant's face and back and then pushed Appellant again onto the road. N.T., 10/6/20, at 9-11, 13. This incident caused Appellant to suffer bruising on his face and back and a cut on his arm. *Id.* at 13-15, 36-37. The trial court appeared to accept Appellant's account of this incident but nevertheless concluded that Appellant had not shown the "substantial pain" necessary to prove that he sustained "bodily injury" under the PFA Act because he was able to get back into his truck and drive away from the incident. N.T., 10/28/20, at 50-51.

I believe that the trial court erred in its analysis of whether Appellant sustained a bodily injury from Appellee's attack by conflating the "[i]mpairment of physical condition" and "substantial pain" aspects of "bodily injury." 18 Pa.C.S. § 2301. Whether or not Appellant was able to get back into his truck to escape the confrontation with Appellee is immaterial to the question of whether Appellant suffered substantial pain arising out of the incident. "The existence of substantial pain may be inferred from the circumstances surrounding the use of physical force even in the absence of a significant injury." *Commonwealth v. Ogin*, 540 A.2d 549, 552 (Pa. Super. 1988) (*en banc*). While this Court has held that contact between two

individuals that is a "customary part of modern day living" or "noncriminal contact resulting from family stress and rivalries" does not constitute bodily injury, **Commonwealth v. Smith**, 206 A.3d 551, 559 (Pa. Super. 2019) (citations omitted), I believe that Appellee's blindsided and unprovoked attack of his uncle was clearly sufficient to show that Appellee intentionally caused Appellant bodily injury within the meaning of the PFA Act. 23 Pa.C.S. § 6102(a). As Appellant met the prerequisite for the issuance of a final order by demonstrating abuse under the PFA Act, 23 Pa.C.S. § 6108(a), I would conclude that the trial court abused its discretion by denying Appellant's petition.