J-A29031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN J. DICKSON | : | |
| | : | |
| Appellant | : | No. 550 WDA 2019 |

Appeal from the Judgment of Sentence Entered February 26, 2019
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000158-2018

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED JANUARY 2, 2020**

Sean J. Dickson (Dickson) appeals from the judgment of sentence imposed in the Court of Common Pleas of Armstrong County (trial court) following his jury conviction of one count each of possession of a controlled substance and endangering the welfare of a child (EWOC).[1] Dickson challenges his EWOC conviction on appeal. We are constrained to reverse his conviction for EWOC.

On January 3, 2018, police executed a search warrant on the residence of 432 Reynolds Avenue with the objective of confiscating narcotics. Dickson, his then-girlfriend, Melonie Johns (Johns), and one female child (Child) were

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16) and 18 Pa.C.S. § 4304(a)(1).

present at the time of the search, in a bedroom. Police recovered from that bedroom a lockbox containing five grams of crack cocaine and drug paraphernalia (including razor blades and a scale) and a glass skull-shaped cup on the tip of a dresser containing methamphetamine residue. The lockbox was locked and the keys were on Dickson's person.

On February 26, 2019, the trial court sentenced Dickson to a term of not less than ten nor more than twenty-four months' incarceration on the EWOC offense and no further penalty on the possession of a controlled substance charge. The grading of the EWOC offense was increased because of the young age of the Child.[2] Dickson filed a post-sentence motion that the trial court denied. Dickson timely appealed and he and the trial court complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b).

Dickson challenges the sufficiency of the evidence supporting his EWOC conviction.[3] We begin by addressing his argument that the Commonwealth

---

[2] *See* 18 Pa.C.S. § 4304(b)(2), *infra* (providing for increased grading where child is under age of six).

[3] In *Commonwealth v. Smith,* 206 A.3d 551, 557 (Pa. Super. 2019), *appeal denied*, 2019 WL 3886668 (Pa. filed Aug. 19, 2019), we stated:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by

failed to meet its burden regarding the intent element of the crime, *i.e.*, that

he knowingly violated a duty of care to the Child, as it is dispositive of our

decision.[4]  (***See*** Dickson's Brief, at 13-17).

The EWOC statute provides, in relevant part, as follows:

**(a) Offense defined.—**

(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

18 Pa.C.S. § 4304(a)(1).

---

the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the finder of fact [,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

(citation omitted).

[4] Dickson also contends that the Commonwealth presented no evidence showing that he was the parent, legal guardian or person supervising the welfare of the Child, as required by the statute; it merely established his cohabitation at the residence.  He also contests the increased grading of the offense because the evidence was insufficient to establish that the Child was less than six years old.

"[T]he [EWOC] statute is protective in nature, and must be construed to effectuate its broad purpose of sheltering children from harm." ***Commonwealth v. Spanier***, 192 A.3d 141, 150 (Pa. Super. 2018), *appeal denied*, 203 A.3d 199 (Pa. 2019) (citation omitted). "The common sense of the community, as well as the sense of decency, propriety and the morality which most people entertain is sufficient to apply the statute to each particular case, and to individuate what particular conduct is rendered criminal by it." ***Id.*** at 151 (citation omitted).

We are also mindful that "[t]he crime of endangering the welfare of a child is a specific intent offense." ***Commonwealth v. A.R.C.***, 150 A.3d 53, 57 (Pa. Super. 2016). "The intent element under section 4304 is a knowing violation of a duty of care." ***Id.*** (citation omitted). The three-prong standard to establish the knowing element of intent of EWOC is the: "(1) accused must be aware of duty to protect child; (2) accused must be aware that child is in circumstances that could threaten child's physical or psychological welfare; and (3) accused either must have failed to act, or must have taken action so lame or meager that actions cannot reasonably be expected to protect child's welfare." ***Id.*** (citation omitted).

At trial, Police Officer Gregory Koprivnak, who participated in executing the warrant, testified that the lockbox containing the crack cocaine had a lock on it when he found it, and that police forcibly opened it. (***See*** N.T. Trial, 10/11/18, at 24-25, 28-29). Detective Phillip Young testified that he broke

the lockbox in order to open it.  (*See id.* at 63).  Regarding the methamphetamine residue, the record reflects that it was located on an object on the top of the dresser and that the small amount was residue and not weighable.  (*See id.* at 70, 98-101).

After review of the record, we agree with Dickson's contention that the mere possession of controlled substances located in items locked and/or inaccessible to a child does not, by itself, threaten the child's physical or psychological welfare.  Because we conclude that the evidence was insufficient to sustain Dickson's EWOC conviction, that conviction is reversed.

However, Dickson does not challenge his possession conviction on which he was sentenced without further penalty.  Guilt without penalty constitutes a sentence.  *See* 42 Pa.C.S. § 9721(a)(2); *Commonwealth v. Williams*, 997 A.2d 1205, 1206 (Pa. Super. 2010).  Because our reversal of the EWOC conviction upsets the trial court's sentencing scheme, we must remand to the court for resentencing on the possession of a controlled substance charge.

Conviction for EWOC reversed.  Case remanded to the trial court for resentencing on the controlled substance charge.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/2/2020