J-A28028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO D. ARCHER | : | |
| | : | |
| Appellant | : | No. 1253 WDA 2019 |

Appeal from the Judgment of Sentence Entered July 18, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0002396-2018

BEFORE:  OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: MARCH 5, 2021**

Antonio D. Archer (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, indecent assault of a person less than 13, endangering the welfare of children, corruption of minors, and sexual assault.[1]  Upon careful review, we affirm.

The Commonwealth charged Appellant with the above crimes in 2018, based upon allegations that he sexually abused a 5-year-old child (the victim). Prior to trial, the Commonwealth gave Appellant notice of its intent to present evidence of the victim's out-of-court statements to others about Appellant's crimes, pursuant to 42 Pa.C.S.A. §§ 5985.1(a)(1)(i) and 5986.

---

[1] 18 Pa.C.S.A. §§ 3123(b), 3125(b), 3126(a)(7), 4304(a)(1), 6301(a)(1)(ii), 3124.1.

The matter proceeded to a jury trial on July 8, 2019. The victim was qualified to testify, and the Commonwealth also presented testimony from witnesses as to the victim's hearsay statements about the assaults. Appellant testified in his own defense and denied any wrongdoing. At the close of trial, the jury found Appellant guilty of all counts.

On July 18, 2019, the trial court sentenced Appellant to an aggregate 17 to 40 years of incarceration. The court also informed Appellant of his obligation to register with the Pennsylvania State Police as a sex offender for his lifetime. Appellant did not file post-sentence motions.

On August 13, 2019, Appellant timely appealed. In response, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement (concise statement) in which he raised 7 issues challenging the sufficiency of the evidence supporting each of his respective convictions.

On September 10, 2019, the trial court issued a statement in lieu of opinion. The court found Appellant had waived all of his issues because he failed to specify which element(s) of the crimes were not supported with sufficient evidence. *See Commonwealth v. Widger*, 237 A.3d 1151, 1156 (Pa. Super. 2020) (to preserve a sufficiency claim, the appellant's Rule 1925(b) statement must specify the element or elements upon which the evidence was allegedly insufficient).

Subsequently, however, the trial court granted Appellant leave to file an amended Rule 1925(b) statement. Appellant's counsel filed an amended statement on March 24, 2020 (amended concise statement), in which Appellant again raised 7 issues challenging the sufficiency of the evidence.[2] The trial court then issued a supplemental opinion in which it briefly addressed, and rejected, Appellant's sufficiency challenges.

On appeal, Appellant raises the same issues from his amended concise statement:

1. WHETHER THE EVIDENCE WAS LEGALLY AND FACTUALLY SUFFICIENT TO PROVE THAT [APPELLANT] ENGAGED IN SEXUAL INTERCOURSE TO CONSTITUTE THE CRIME OF RAPE OF A CHILD[?]

2. WHETHER THE EVIDENCE WAS LEGALLY AND FACTUALLY SUFFICIENT TO PROVE THAT [APPELLANT] HAD THE REQUISITE INTENT TO COMMIT THE CRIME OF INVOLUNTARY DEVIATE SEXUAL INTERCOURSE WITH A CHILD[?]

3. WHETHER THE EVIDENCE WAS LEGALLY AND FACTUALLY SUFFICIENT TO PROVE THAT [APPELLANT] HAD THE REQUISITE INTENT TO COMMIT THE CRIME OF AGGRAVATED INDECENT ASSAULT OF A CHILD[?]

4. WHETHER THE EVIDENCE WAS LEGALLY AND FACTUALLY SUFFICIENT TO PROVE THAT [APPELLANT] HAD THE REQUISITE INTENT TO COMMIT THE CRIME OF INDECENT ASSAULT[?]

5. WHETHER THE EVIDENCE WAS LEGALLY AND FACTUALLY SUFFICIENT TO PROVE THAT [APPELLANT] HAD THE

---

[2] These issues differed only slightly from the 7 issues Appellant originally raised in the concise statement. Specifically, the amended issues challenged whether Appellant had the requisite *mens rea* for the jury to convict him of the respective crimes.

REQUISITE INTENT TO COMMIT THE CRIME OF ENDANGERING THE WELFARE OF CHILDREN[?]

6. WHETHER THE EVIDENCE WAS LEGALLY AND FACTUALLY SUFFICIENT TO PROVE THAT [APPELLANT] HAD THE REQUISITE INTENT TO COMMIT THE CRIME OF CORRUPTION OF MINORS[?]

7. WHETHER THE EVIDENCE WAS LEGALLY AND FACTUALLY SUFFICIENT TO PROVE THAT [APPELLANT] HAD THE REQUISITE INTENT TO COMMIT THE CRIME OF SEXUAL ASSAULT[?]

Appellant's Brief at 4-5.

Initially, we note that the arguments Appellant advances in support of each of his respective issues are undeveloped; they consist of just a few sentences, with bald assertions and scant citation to authority or the record. We could find waiver on this basis. *See, e.g., Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *Commonwealth v. McMullen*, 745 A.2d 683, 689 (Pa. Super. 2000) (finding waiver of appellant's 4 issues where the respective argument in support of each "consists of a one paragraph 'argument' with virtually no citation to relevant statutory authority or case law."). Additionally, Appellant's respective arguments "incorporate by reference" other argument that Appellant previously set forth, which is improper. *See Commonwealth v. Veon*, 109 A.3d 754, 774 (Pa. Super. 2015) (stating that an appellant waives any claim where he or she incorporates by reference prior arguments).

However, we decline to find waiver and will briefly address the merits of Appellant's claims, to the extent we are able.

Appellant argues that none of his convictions are supported by sufficient evidence, and asserts he "had no sexual contact at all with the victim. There was testimony that this had happened before when the victim did not live with the Appellant." Appellant's Brief at 10. Appellant further claims that even if he did engage in sexual conduct with the victim, the Commonwealth failed to prove that Appellant had the requisite *mens rea* to be guilty of any of the charged crimes. *See id.* at 11-15.

We will address Appellant's sufficiency challenges simultaneously. The standard we apply when reviewing the sufficiency of the evidence is whether,

> viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 206 A.3d 551, 557 (Pa. Super. 2019) (citations and brackets omitted). "On appeal, this court evaluates the full record to

determine whether sufficient evidence was presented to support each element of the crime charged; however, we do not second-guess the jury's factual determinations." ***Commonwealth v. Risoldi***, 238 A.3d 434, 454 (Pa. Super. 2020).

The Crimes Code respectively defines the offenses of which Appellant was convicted, in relevant part, as follows:

**§ 3123. Involuntary deviate sexual intercourse.**

* * *

**(b)** *Involuntary deviate sexual intercourse with a child.* — A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age.

18 Pa.C.S.A. § 3123(b).

**§ 3125. Aggravated indecent assault.**

**(a)** *Offenses defined.* — . . . a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

    **(1)** the person does so without the complainant's consent;

    **(2)** the person does so by forcible compulsion;

    **(3)** the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

    **(4)** the complainant is unconscious or the person knows that the complainant is unaware that the penetration is occurring;

    **(5)** the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering

or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance;

**(6)** the complainant suffers from a mental disability which renders him or her incapable of consent;

\* \* \*

**(b)** *Aggravated indecent assault of a child.* — A person commits aggravated indecent assault of a child when the person violates subsection (a)(1), (2), (3), (4), (5) or (6) and the complainant is less than 13 years of age.

*Id.* § 3125(b).

## § 3126. Indecent assault.

**(a)** *Offense defined.* — A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and . . . the complainant is less than 13 years of age[.]

*Id.* § 3126(a)(7).

## § 4304. Endangering welfare of children.

**(a)** *Offense defined.*

**(1)** A parent, guardian or other person supervising the welfare of a child under 18 years of age . . . commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

*Id.* § 4304(a)(1).

## § 6301. Corruption of minors.

**(a)** *Offense defined.*

**(1)**

* * *

**(ii)** Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, . . . commits a felony of the third degree.

*Id.* § 6301(a)(1)(ii).

**§ 3124.1. Sexual assault.**

Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

*Id.* § 3124.1.

Finally, the Crimes Code provides "[w]hen the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto." *Id.* § 302(c); *see also Commonwealth v. Ludwig*, 874 A.2d 623, 630 (Pa. 2005).

Here, the evidence of record establishes that the victim was residing with her foster family in 2018, when the victim's foster mother (Foster Mother), observed the victim engaging in sexualized behavior. N.T., 7/9/19, at 15-16. Foster Mother stated that the victim, among other behaviors, put her mouth on the penis of her 4-year-old foster sibling. *Id.* at 16. Foster Mother stated that prior to this incident, Appellant and the victim's biological mother were permitted occasional supervised visits with the victim at the

foster residence. *Id.* Foster Mother saw Appellant inappropriately touch the victim during one visit. *Id.* at 17 (stating that Appellant "picked [the victim] up over top of his head and his hand was on her vagina and the other hand was on her chest."). Foster Mother stated that when she asked the victim whether anyone had ever touched her inappropriately, the victim replied: "[Appellant] stuck his p-worm[, *i.e.*, penis,] in her mouth and it stunk really bad[.]" *Id.* at 24.

Nichole Robinson (Robinson), a Fayette County CYS caseworker supervisor, conducted a forensic interview of the victim in early 2018 concerning the allegations. *See* N.T., 7/9/19, at 10, 18-19. Robinson testified that the victim had stated: "[Appellant] put his pee worm in my mouth, and I don't like that." *Id.* at 20; *see also id.* (stating that the victim "reported that she would get beat if she didn't.").

The Commonwealth also presented the testimony of Brittany Locke (Locke), who conducted additional forensic interviews of the victim at "A Child's Place" in Pittsburgh. *Id.* at 40, 42. Locke testified:

> [The victim] disclosed to me that [Appellant] did nasty stuff to her. When asked, [the victim] said that her mom and [Appellant] both did nasty stuff with her and her siblings. [The victim] stated that mom was present in the room while [Appellant] was putting his pee worm in her mouth . . . . [The victim] also had mentioned that [Appellant] was sticking his pee worm in her vagina[.]

*Id.* at 82-83.

Finally, the victim testified that Appellant touched her genitals with his fingers and "private part," which caused her pain. N.T., 7/9/19, at 31-32;

- 9 -

*see also id.* at 32 (the victim testifying that when she urinated after Appellant's abuse, "a little blood came out").

Upon review, the evidence of record, viewed in a light most favorable to the Commonwealth, was more than sufficient for the jury to find that the Commonwealth had proven all elements of the above crimes beyond a reasonable doubt. The jury, as fact-finder, discredited Appellant's denial of wrongdoing, which was within its sole purview. **See Smith**, **supra**. To the extent Appellant asks us to substitute our judgment for that of the jury and reassess the credibility of the witnesses, we may not and will not do so. **See Gibbs**, 981 A.2d at 282. Finally, there is no merit whatsoever to Appellant's undeveloped claim that he lacked the requisite *mens rea* to be convicted of the crimes; we will not develop Appellant's claim for him. **See Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super. 2007) (*en banc*) (appellate courts will not develop an argument for the appellant or scour the record to find evidence to support an argument).

Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/5/2021

- 10 -