J-A06002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDISON JAVIER GUERRERO TEJADA | : | |
| | : | |
| Appellant | : | No. 1861 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 11, 2024
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003552-2022

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED MARCH 28, 2025**

Edison Javier Guerrero Tejada appeals from the judgment of sentence imposed on June 11, 2024, for his convictions of corruption of minors and indecent assault.[1] Tejada claims the sentence imposed for corruption of minors is illegal and challenges the sufficiency of the evidence for both convictions. After careful review, we affirm.

The trial court set forth the relevant factual history:

> J.F. was the victim in the instant matter and was fifteen (15) years old at the time she testified in [c]ourt. [Tejada] was a relative of her mom's relative, who came to live with them in 2018. [Tejada] lived with J.F.'s family for a short time and came to visit about every weekend even after he moved out. J.F. and [Tejada] had conversations in which he told her about his past relationships, as a way to relate to her and get her to be more

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6301(a)(1)(ii), 3126(a)(8), respectively.

comfortable around him. [Tejada] also brought food over to her house for her mom to cook, they took walks together, watched movies, went out to eat, and did workout videos together. J.F. and [Tejada] would talk on the telephone and text one another. [Tejada] would also bring her gifts like chocolate covered strawberries, ice cream, birthday cakes, and crepes.

J.F. explained [Tejada] gave her back massages and would straddle her, so that his genitals would sit on her lower butt. At times, [Tejada] would ask J.F. if he could unhook her bra so he could give her a better massage. J.F. also gave [Tejada] back massages, where she would sit on his butt to rub his back. However, J.F. felt uncomfortable giving [Tejada] a massage because it was inappropriate "to be on him like that[."] … [Tejada was charged by criminal complaint.] The [c]omplaint alleged that a thirteen (13) year old female [later identified as J.F.,] disclosed to a school counselor on or about January 17, 2022, that [Tejada], a thirty-three (33) year old male, engaged in inappropriate physical contact with a minor female relative [in] 2021[.] J.F. recalled that she felt [Tejada] push his hips forward and his genitals pulsate against her butt during one of his massages. J.F. told [Tejada] to stop the massage once she realized what she felt. J.F. stopped asking [Tejada] for massages after that because she thought it was weird what happened and did not want to be around him anymore. J.F. did not tell her mom nor confront [Tejada] after this incident.

J.F. also described an incident in which [Tejada] brushed his finger against her nipple as well as an incident on December 24, 2021, in which [Tejada] did not ask for permission, but just unclipped her bra and began massaging her back. J.F. also described an incident on New Year's Eve 2021, in which [Tejada] was massaging J.F.'s feet and massaged [up to] her mid-thigh. Following that incident, [Tejada] texted J.F. on January 1, 2022 at 12:29 a.m., and asked "Why do you behave that way with me? Please - say something. What did I do or why are you like that[?"] There were numerous other text exchanges between [Tejada] and J.F., which were marked [and admitted] as Exhibits "C-6" and "C-7[."] Also included was a text dated October 25, 2021, where [Tejada] sent J.F. an image of a butterfly with a poem. On January 17, 2022, J.F. reported some of these incidents to her teacher at school, Mr. Flamer. However, J.F. did not report the pulsating incident because she did not want [Tejada] to get into trouble. Rather, she just wanted [Tejada] out of her life. The school called

J.F.'s mom, who then confronted [Tejada], who denied the occurrences and cried.

Trial Court Opinion, 8/8/24, at 3-4 (record citations omitted).

Tejada was charged with indecent assault, graded as a misdemeanor of the second degree, and corruption of minors, graded as a felony of the third degree. Tejada proceeded to a jury trial and was convicted of both counts. The court sentenced Tejada to 11 ½ to 23 months' incarceration, to be followed by a consecutive 3 years' probation on the felony corruption of minor, plus a concurrent 3 years' probation on the indecent assault.[2] Tejada filed a timely appeal and complied with the trial court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Tejada raises the following three claims for our review:

I. Whether the sentence imposed is illegal in that the [c]orruption of [m]inors felony conviction is unlawful because the jury instruction failed to correctly instruct the jury on the legal definition of "course of conduct" and that the jury find (sic) that the Commonwealth proved multiple criminal acts in violation of Chapter 31 of the Crimes Code, and further by incorrectly instructing the jury that priming conduct by [Tejada] can support a finding of the "course of conduct" element?

_____

[2] We recognize the probationary sentence of 3 years for the indecent assault is an illegal sentence, as it was graded a misdemeanor of the second degree. *See* 18 Pa.C.S.A. §§ 106(b)(7), 1104 (providing maximum sentence for misdemeanor of the second degree is 2 years). However, we are not required to address issues concerning illegal sentences where vacatur of the sentence would not affect the overall sentence, as the illegal sentence was run concurrent to a legal sentence. *See Commonwealth v. Armolt*, 294 A.3d 364, 377 (Pa. 2023) (noting an appellate court "**may** *sua sponte* raise and address issues concerning illegal sentences" but "may also decline to do so where appropriate.") (emphasis in original, citations omitted).

II. Whether the Commonwealth's evidence was sufficient as a matter of law to establish the requisite element of "course of conduct" for the [c]orruption of [m]inors felony conviction?

III. Whether the Commonwealth's evidence was insufficient as a matter of law to establish the requisite element of "indecent contact" with the complainant for the [i]ndecent [a]ssault conviction?

Appellant's Brief, at 5 (citation and suggested answers omitted).

Tejada's first claim, while phrased as a legality of sentence issue, actually attacks the language of the jury instructions. Specifically, Tejada argues:

the jury was not instructed on what constitutes a Chapter 31 sexual offense that falls within the definition of "course of conduct" for [c]orruption of [m]inors, graded as a [f]elony of the [t]hird [d]egree. Simply stating "sexual offenses" is inadequate and incorrect because not all sexual offenses fall within Chapter 31.

Appellant's Brief, at 23. Tejada further argues that the Commonwealth only charged one count of indecent assault, and therefore, Tejada was only convicted of one count of indecent assault. *See id.*

In response, the Commonwealth argues this claim is waived, as this is a challenge to the jury instructions and Tejada did not object to the trial court's jury instructions. *See* Appellee's Brief, at 9-12. Alternatively, the Commonwealth points us to *Commonwealth v. Baker-Myers*, 255 A.3d 223 (Pa. 2021), and *Commonwealth v. Panattieri*, 307 A.3d 676, 257 MDA 2022, 258 MDA 2022 (Pa. Super. filed Oct. 23, 2023) (unpublished

memorandum),[3] for the proposition that the Commonwealth is not required to charge multiple violations of Chapter 31, so long as the evidence establishes a course of conduct in violation of Chapter 31. **See id.** at 19-23.

Traditionally, "to properly preserve a challenge to the adequacy or omission of a particular jury instruction, the defendant must make a specific objection to the jury instruction at trial." **Commonwealth v. Smith**, 206 A.3d 564 (Pa. Super. 2019) (citations omitted). Tejada did not object to the trial court's jury instructions. "However, this Court has treated a similar challenge to the grading of an offense as raising a question as to the legality of the sentence, which is a non-waivable issue." **Id.** at 565 (citation omitted). We therefore will address Tejada's claim, assuming *arguendo* that this claim presents a non-waivable challenge to the legality of the sentence imposed.

Tejada's claim challenges the grading of the offense of corruption of minors. We therefore begin with the relevant portion of section 6301:

> Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age … commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii).

This Court has held "that the use of the phrase 'course of conduct' in … subsection (a)(1)(ii) imposes a requirement of multiple acts over time[.]"

---

[3] Pursuant to Pa.R.A.P. 126(b), we may rely on unpublished memorandum issued after May 1, 2019, for their persuasive value.

*Commonwealth v. Kelly*, 102 A.3d 1025, 1031 (Pa. Super. 2014) (*en banc*). Our Supreme Court held "the language 'in violation of Chapter 31' is an essential element of [subsection 6301(a)(1)(ii)]." *Baker-Myers*, 255 A.3d at 224. Therefore, the Commonwealth must present sufficient evidence of multiple acts over a period of time in violation of Chapter 31 for a jury to convict a defendant of subsection 6301(a)(1)(ii).

If the Commonwealth does not establish corruption of minors through a course of conduct in violation of Chapter 31, they may nonetheless obtain a conviction for corruption of minors under subsection 6301(a)(1)(i), graded as a misdemeanor of the first degree. *See* 18 Pa.C.S.A. § 6301(a)(1); *Smith*, 206 A.3d at 564 (noting that if a course of conduct is not shown, corruption of minors is a misdemeanor of the first degree). Because Tejada asserts the Commonwealth did not establish a course of conduct, he claims his sentence, as a third-degree felony, is illegal. *See* Appellant's Brief, at 20. We disagree.

A review of *Kelly* and *Baker-Myers* provides insight into the two elements and their applicability to Tejada's arguments.

In *Kelly*, the Commonwealth charged corruption of minors under subsection 6301(a)(1)(ii) and indecent assault for a single incident where Kelly allegedly assaulted his stepson. *See Kelly*, 102 A.3d at 1026-27. After a jury convicted Kelly, he appealed arguing the evidence was insufficient to support his conviction for corruption of minors because there was no evidence of "two or more related events that occur[ed] over time[.]" *Id.* at 1029. This

Court agreed with Kelly and held that because the Commonwealth only presented evidence of one incident, there was insufficient evidence to establish a course of conduct. *See id.* at 1032.

In **Baker-Myers**, the defendant was charged with multiple sex offenses and corruption of minors after he repeatedly contacted the victim, convinced her to meet him, leave her phone, and then sexually assaulted her. **See Baker-Myers**, 255 A.3d at 225-26. The jury acquitted Baker-Myers of all sexual offenses but found him guilty of corruption of minors under subsection 6301(a)(1)(ii). **See id.** at 227. This Court affirmed in part and vacated in part, finding the Commonwealth failed to prove the essential element of "in violation of Chapter 31." **Id.** The Supreme Court granted allowance of appeal to address whether "in violation of Chapter 31" is an essential element and whether the fact that Baker-Myers was acquitted of all sexual offenses precluded a conviction for corruption of minors under subsection 6301(a)(1)(ii). **Id.** at 228.

Our Supreme Court recognized that although the Commonwealth is "not required to charge or secure a conviction for the predicate crime in order to secure a conviction" for the offense under review, but where they do charge the predicate crime and a jury acquits, a court may not ignore the acquittal when "applying the appropriate grading." **Id.** at 229-30 (citations and brackets omitted). Therefore, the Court held the Commonwealth is not required to "charge or obtain a conviction on the Chapter 31 offense or

offenses serving as the predicate for the felony corruption of minors charge in order to sustain a conviction for corruption of minors [under subsection 6301(a)(1)(ii)]." *Id.* at 234. Because the trial court instructed the jury that the predicate offenses for corruption of minors were the sexual offenses charged and the jury acquitted on those offenses, there was insufficient evidence presented for Baker-Myers' conviction of corruption of minors. *See id.* at 235.

Tejada argues his case is akin to *Commonwealth v. McAllister*, 272 A.3d 471, 23 WDA 2021 (Pa. Super. filed Jan. 11, 2022). *See* Appellant's Brief, at 20, 23-24. There, this Court found the claim reviewable as a legality of sentence issue even though McAllister did not object to the jury instructions. *See McAllister*, 272 A.3d at *3. The trial court there did not instruct the jury on "course of conduct," but the Commonwealth argued it was harmless error. *Id.* at *4. This Court disagreed because, although there was evidence presented of three separate acts of sexual assault, the jury acquitted McAllister of all but one count of indecent assault. *See id.* As this Court explained:

> Given the jury's verdict that [McAllister] was guilty of only a single sexual offense, it cannot be concluded that the jury would have found a course of conduct if instructed on this issue and the trial court's failure to instruct the jury on course of conduct cannot be held to be harmless error.

*Id.* This Court therefore vacated the conviction for corruption of minors under subsection 6301(a)(1)(ii). *See id.* at *5.

*McAllister*, *Kelly*, and *Baker-Myers* are distinguishable. Unlike *Baker-Myers*, Tejada was convicted of indecent assault, the only sexual offense presented to the jury. However, even though only one count of sexual assault was submitted to the jury for its consideration, there were in fact four incidents between Tejada and J.F. over the course of approximately one year, unlike *Kelly*, where only one incident was alleged. *See* N.T. Trial, 9/25/23, at 117-18, 141, 149-150, 158-60, 165-66 (while sitting on J.F.'s butt giving her a massage, J.F. felt Tejada's erection and him pushing his hips into her; Tejada touched J.F.'s nipple when asking if she wanted to pierce her nipples; Tejada unclipped J.F.'s bra and started giving her a back massage under her shirt without her permission; Tejada gave J.F. a foot massage that proceeded up her legs to her inner thigh about three inches above her knee). The jury was instructed three of these incidents could be considered in determining whether Tejada committed indecent assault. *See* N.T. Trial, 9/27/23, at 25. Specifically, the trial court instructed the jury as follows:

> Now, with regard to this charge, indecent assault on a child, the parties have agreed that this applies to any of the following three incidents: First, the incident where the defendant is alleged to have come into contact with the thigh of J.F.; second, the incident where it is alleged that the defendant unclipped the bra of J.F.; and, third, the incident where the defendant is alleged to have straddled and caused his pelvis to come into contact with that of J.F. and his genital area.

*Id.*

It is therefore clear that Tejada was accused of a course of conduct of indecent assaults. Finally, and perhaps most importantly, unlike *McAllister*,

the jury here was instructed they must find a course of conduct. ***See id.*** at 23

("that the defendant corrupted or tended to corrupt the morals of J.F. by the

alleged course of conduct of grooming her and engaging in sexual offenses

under the Crimes Code of Pennsylvania").[4] As this Court held in ***Panattieri***:

> Appellant was alleged to have committed several instances of indecent assault. Therefore, the guilty verdict at one count is not incompatible with a finding that [a]ppellant committed several acts of indecent assault. Indeed, the ***Baker-Myers*** Court stated, "this is not to say the Commonwealth must formally charge or obtain a conviction on the Chapter 31 offense or offenses serving as the predicate for the felony corruption of minors charge in order to sustain a conviction for corruption of minors." ***Baker-Myers***, 255 A.3d at 234. This leaves open the possibility that the Commonwealth could charge one count of felony corruption of minors, without charging **any** other Chapter 31 offense. Here, the Commonwealth charged one count of indecent assault, and one count of aggravated indecent assault. While the jury acquitted on the latter charge, it convicted on the former. Because the former offense was not limited to one discrete incident, we find that ***Baker-Myers*** is distinguishable.

***Panattieri***, 307 A.3d at *10 (footnote omitted; emphasis in original).

The same can be said here. Tejada's one conviction of indecent assault

was based on multiple acts over a period of time. As such, we find Tejada was

not subjected to an illegal sentence as the jury was properly instructed they

---

[4] We note Tejada includes in this argument his claim that the trial court was not permitted to include "grooming" in the jury instructions, however, as we noted above, Tejada did not object to the instructions given at trial. ***See*** N.T. Trial, 9/27/23, at 28 (the trial court asks counsel for any revisions, amendments, or corrections and defense counsel indicates he does not have any requests). We decline to address this claim any further as it was not preserved for our review. ***See Smith***, 206 A.3d at 564.

must find a course of conduct in relation to the four incidents J.F. described for the jury. Tejada's first claim does not entitle him to relief.

Tejada's next two issues challenge the sufficiency of the evidence. We begin with our standard of review:

> We assess the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict-winner. We must determine whether there is sufficient evidence to enable the fact-finder to have found every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the factfinder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant' guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.

*Commonwealth v. Bowens*, 265 A.3d 730, 740-41 (Pa. Super. 2021) (*en banc*) (citation omitted).

Tejada first argues the evidence supporting his conviction for corruption of minors was insufficient. His entire argument is presumed on the incorrect assumption that the Commonwealth was required to charge multiple counts of indecent assault to prove the course of conduct element under subsection 6301(a)(1)(ii). *See* Appellant's Brief, at 31-32.

As noted above, our Supreme Court has held the Commonwealth is not required to "charge or obtain a conviction on the Chapter 31 offense or

offenses serving as the predicate for the felony corruption of minors charge in order to sustain a conviction for corruption of minors [under subsection 6301(a)(1)(ii)]." ***Baker-Myers***, 255 A.3d at 234. The Commonwealth presented evidence of four separate incidents, three of which the jury was charged that they may use to find Tejada committed indecent assault. ***See*** N.T. Trial, 9/27/23, at 25. As we have consistently held, "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." ***Commonwealth v. Castelhun***, 889 A.2d 1228, 1232 (Pa. Super. 2005) (citations omitted). J.F. testified to four separate and distinct incidents over an approximate one-year time period. Therefore, there was sufficient evidence for Tejada's conviction of corruption of minors.

Finally, Tejada challenges his conviction for indecent assault, claiming that he never touched an intimate part of J.F.'s body. ***See*** Appellant's Brief, at 34-25. Regarding the foot massage incident, Tejada first asserts the thigh is not an intimate part of the body and argues his testimony was that he never went above her ankle. ***See id.*** at 34. He next asserts unclipping a woman's bra is not intimate contact, and again argues his testimony holds more weight than J.F.'s. ***See id.*** Finally, Tejada points to one portion of the testimony regarding the incident where J.F. explained she felt Tejada's genitals pulsating on her butt as he gave her a back massage. ***See id.*** at 34-35.

Many of Tejada's arguments relate to the weight of the evidence. We remind counsel that weight and sufficiency claims are distinct. ***See***

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (discussing the differences between weight and sufficiency claims). As explained above, this is a sufficiency challenge and "we may not weigh the evidence[.]" *Bowens*, 265 A.3d at 740 (citation omitted). We rely solely on the "evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict-winner." *Id.* (citation omitted). We will not evaluate the credibility of the witnesses when determining if the evidence is sufficient, as Tejada did not preserve and has not presented us with a claim that the verdicts are against the weight of the evidence.

Tejada was convicted of indecent assault as defined as follows:

A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purposes of arousing sexual desire in the person or the complainant and:

***

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3126(a)(8). "Indecent contact" is defined in the Crimes Code as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101.

Our Supreme Court recently defined "intimate parts:"

> [W]e hold that, as used in 18 Pa.C.S.[A.] § 3101, the phrase is not limited to only sexual body parts, but rather, was also intended to mean a body part that is personal and private, and which the person ordinarily allows to be touched only by people with whom the person has a close personal relationship, and one which is commonly associated with sexual relations or intimacy.

*Commonwealth v. Gamby*, 283 A.3d 298, 313-14 (Pa. 2022).

Utilizing this definition, we find sufficient evidence Tejada committed indecent assault upon J.F. The inner thigh, as described by J.F. as approximately three inches above her knee, is a part of the body that is personal and private and an area touched only by people with whom the person has a close personal relationship, as specified in section 3101. *See* N.T. Trial, 9/25/23, at 158-59. Regarding the back massage incident where Tejada unclipped J.F.'s bra without her permission, we find it incredulous to argue that unclipping a woman's bra without permission does not rise to the level of intimate contact with a personal and private body part. Clearly, unclipping one's bra is commonly associated with sexual relations or intimacy. Finally, in regard to the pulsating incident, Tejada argues J.F. never defined genitals, however, our review of the record shows J.F. referred to this incident as Tejada's "erection" or "penis" pulsating against her butt. *See* Appellant's Brief, at 35; N.T. Trial, 9/25/23, at 141, 165-166; N.T. Trial, 9/26/23, at 19. Both the penis and the butt are sexual body parts. As such, there was clearly sufficient evidence for indecent assault.

We therefore affirm Tejada's judgment of sentence as there was sufficient evidence for both convictions and Tejada's sentence was legally imposed.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/28/2025