J-S35038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN MICHAEL SMITH | : | |
| | : | |
| Appellant | : | No. 460 MDA 2025 |

Appeal from the Order Entered March 12, 2025
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0002923-2005

BEFORE:    OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: DECEMBER 23, 2025**

John Michael Smith ("Smith") appeals *pro se* from the order imposed denying his petition to enforce the terms of his 2005 plea agreement.[1]  We affirm.

By way of background, we summarize that in 2005, the Commonwealth charged Smith, then nineteen years old, with corruption of minors.[2]  In the police criminal complaint, South Abington Township Police Officer Paul Wolfe

_____

[1] "[A] collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the" Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  **Commonwealth v. Kerns**, 220 A.3d 607, 611–12 (Pa. Super. 2019).

[2] **See** 18 Pa.C.S.A. § 6301(a)(1) (defining corruption of minors as follows: any person, "age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime . . . commits a misdemeanor of the first degree").

("Officer Wolfe"), the affiant, explained he received a report from a Pennsylvania State Police trooper. The trooper's report stated that he interviewed the victim (the "Victim"), then fifteen years old, who in turn had stated all of the following. Approximately three weeks earlier, the Victim "ran away from a residential school" in New York, and walked and hitch-hiked to his parents' home in South Abington Township, Lackawanna County. Affidavit of Probable Cause to Police Criminal Complaint, 11/22/05, at unnumbered 1. The Victim's mother was in Scotland. The next day, the Victim went to the home of a sixteen-year old friend. Smith arrived and "they all went to a nearby baseball field and smoked cigarettes." *Id*. Smith then drove the Victim to his parents' house, from where the Victim took bottles of wine and alcohol. Smith suggested that they go to a hotel and drink the alcohol. At "the spa" in the hotel, Smith asked the Victim questions about sex and sex "with a guy." *Id*. In the hotel room, and Smith invited the Victim to take a shower with him, but the Victim declined. "Smith began to massage [the Victim's] back and was rubbing himself against him." *Id*. at 1-2. Smith suggested that they perform oral sex on each other, and the Victim complied. Smith then "began to place his penis in [the Victim's] rectum," but the Victim told Smith to stop, and Smith stopped. *Id*. at 2. The Victim told the state trooper "that he was not forced to engage in any of the acts[, but] felt he had been taken advantage of by Smith." *Id*.

Officer Wolfe, the affiant, interviewed employees at the hotel, who confirmed Smith rented a room on the night in question, and that a "much younger" male was with him. *Id*.

Officer Wolfe then interviewed Smith, providing *Miranda*[3] warnings. Smith generally corroborated the Victim's statements, but stated it was the Victim who initiated the conversation about sex, as well as the sexual contact. Officer Wolfe advised Smith that the District Attorney's Office would determine whether it would file charges. The affidavit of probable cause summarized:

> Smith asked what type of criminal charges could be filed because as far as he knew, he did not commit any crimes. Smith stated that [for Statutory Rape], the offender must be four years older than the juvenile victim and that in this case, he was not [more than] four years older than [the Victim]. Smith stated that the activity between [him] and [the Victim] was consen[s]ual.
>
> I asked Smith how he knew so much about the laws in regard to sexual assault. . . . Smith stated that he researched the sex assault statutes on-line on the computer. I asked Smith why he would research the sexual assault statutes and he stated, "Because [it's] information I feel is important for me to know." . . . I asked Smith if he intentionally targets individuals that are close to four years younger due to them possessing less mental maturity [than] himself making it easier to take advantage of them. Smith stated that he does not target younger individuals[,] that he did not ask [the Victim] for his date of birth and that their relationship/sexual encounter "just happened." Smith did not think there was anything wrong with [him] or someone 19 years of age being an adult having sex with [the Victim] or someone 15 years of age being they are considered juveniles [*sic*].

---

[3] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Affidavit of Probable Cause to Police Criminal Complaint, 11/22/05, at unnumbered at 6-7 (paragraph break added).

On February 3, 2006, Smith pleaded guilty to one count of corruption of minors. We note the certified record transmitted on appeal does not include a transcript of the plea proceeding. The written plea colloquy set forth the factual basis as follows: "On [September] 23, 2005, . . . Smith consumed alcohol with a 15 year old minor." Guilty Plea Colloquy, 2/3/06, at 4. The section entitled, "State specifically in detail any plea agreement with the District Attorney," was blank; there was nothing written in response. *Id*. at 2.

On May 25, 2006, the trial court imposed a sentence of one to eighteen months' imprisonment, with a consecutive one year's probation. Smith did not file a post-sentence motion or direct appeal. An order dated November 26, 2008 discharged Smith "from parole due to expiration of sentence." Order, 3/12/25 at n.1.

Sixteen years later, in February 2025, Smith filed the underlying, *pro se* petition to enforce his plea agreement. The petition averred that in 2017, detectives obtained and executed a search warrant in a new criminal case, docketed at Lackawanna County trial docket CP-35-CR-0000119-2017.[4] The

---

[4] While Smith has not, at any time in this matter, explained the outcome of the 2017 case, our review reveals the following. A jury found Smith guilty of: indecent assault of a minor less than thirteen years of age; corruption of

*(Footnote Continued Next Page)*

application for this search warrant stated that: (1) investigating detectives received Officer Wolfe's case file for the 2005 case; and (2) Smith had pleaded guilty to corruption of minors for sexual acts. In the instant petition, Smith maintained this allegation was untrue — the 2005 conviction was not based on sexual offenses, but rather consuming alcohol with a minor. Smith thus reasoned: "The detectives breached the plea deal[.]" Motion to Reopen and Vacate Conviction, Sentence and Plea *Nunc Pro Tunc* Due to Breach of Plea Agreement, 2/19/25, at 8. Smith further averred that the detectives and the Commonwealth improperly repeated this false statement to the trial court and the press. Smith attached one page of an affidavit of probable cause and one page of the police criminal complaint in the 2017 case.[5]

On March 12, 2025, the trial court denied Smith's petition without a hearing. It reasoned: "[I]t was not a breach of the plea agreement for the

---

minors; simple assault; and endangering the welfare of a child. Those charges involved sexual offenses that Smith committed against his four-to-five year old karate student over a four-month period in 2016. The trial court imposed an aggregate sentence of six and one-half to sixteen years' imprisonment. In March 2019, in a published opinion, this Court affirmed the judgment of sentence on direct appeal. *See Commonwealth v. Smith*, 206 A.3d 551 (Pa. Super. 2019), *appeal denied*, 217 A.3d 202 (Pa. 2019). The Pennsylvania Supreme Court denied his petition for allowance of appeal.

We further note Smith has not provided any reason for the five year lapse between the 2019 conclusion of that case and the instant 2025 petition to enforce plea agreement.

[5] Smith did not provide the full criminal complaint, but rather attached one page, seemingly taken from the middle of the complaint; the first line begins mid-sentence, and the last line ends mid-sentence.

police[, when investigating another case against Smith,] to review and use the underlying facts and admissions made by [Smith] in the investigation of this case[.]" Order, 3/12/25. On the same day, Smith filed *pro se* both a motion for reconsideration and a notice of appeal. The trial court did not direct him to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Smith raises three issues for our review, which we reproduce almost verbatim:

1. Is the issue of mootness waived for failure to preserve and or lack of jurisdiction[?]

2. Is the issue of great public importance, capable of repetition, will [Smith] suffer at least some detriment, is the conviction and sentence unlawful[] due to the breach of plea deal rendering the plea knowing, unintelligent and involuntary[. I]s there a possibility [Smith] will suffer criminal or civil consequences, can the court issue an adequate remedy, thereby rendering the issue not moot[?]

3. Is specific performance or withdraw[a]l of the guilty plea appropriate and did the [trial] court mis[]represent the issue before it[?]

Smith's Brief at 6-7.[6]

Smith generally presents two arguments. First, he avers: (1) both the trial court and Commonwealth could have preserved the issue of mootness but failed to do so, and thus they have waived that issue; and (2) the issues

_____

[6] In this Court, Smith filed two applications for extensions of time to file a reply brief, which this panel granted. We note he filed a reply brief beyond the deadline set forth in our last order. Nevertheless, we have reviewed it.

presented are of great public importance and are capable of being repeated.

*See* Smith's Brief at 15.

It appears Smith is challenging a finding that an unidentified matter —

perhaps his petition or this appeal — is moot. Neither the trial court nor

Commonwealth have suggested mootness. Nevertheless, we note:

> "As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot." However, . . .
>
>> this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*Commonwealth v. Mauk*, 185 A.3d 406, 410 (Pa. Super. 2018) (citations

omitted).

As stated above, Pennsylvania courts review "a collateral petition to

enforce a plea agreement . . . outside the ambit of the PCRA." *Kerns*, 220

A.3d at 611–12. Accordingly, Smith's petition was not subject to any PCRA

timeliness requirements, nor a condition that he continues to serve

imprisonment, probation or parole for his crime.[7] Smith's petition to enforce

the plea agreement was properly before the trial court, and the court ruled on

---

[7] *See* 42 Pa.C.S.A. § 9543(a)(1)(i) (requiring a PCRA petitioner to be "currently serving a sentence of imprisonment, probation or parole for the crime").

it. *See Mauk*, 185 A.3d at 410. We thus determine Smith is not entitled to any available relief on his first issue.

In his second issue, Smith reiterates his claim that in the 2017 case, the Commonwealth and its agents, namely the detectives, violated the terms of his 2005 plea agreement. We consider the relevant standard of review and law. Pennsylvania courts review a petition to enforce a plea agreement "under the contractual enforcement theory of specific performance." *Kerns*, 220 A.3d at 611–12.

> Contract interpretation is a question of law, so "[o]ur standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary." . . .
>
>> With respect to plea bargains, [t]he reality of the criminal justice system is that nearly all criminal cases are disposed of by plea bargains[.] Accordingly, it is critical that plea agreements are enforced, to avoid any possible perversion of the plea bargaining system. . . . In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule . . . .
>>
>> Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. Specific enforcement of valid plea bargains is a matter of fundamental fairness. The terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to — and seek enforcement of — terms that fall outside these areas.

*Id*. at 612.

On appeal, Smith again asserts that in the 2017 case, the Commonwealth and the detectives misrepresented that his prior corruption of minors conviction was based on sexual offenses, when in fact it was based on consuming alcohol with a minor. Smith avers the Commonwealth made these false statements in the police complaint, investigative report, incident report, and application for a search warrant, as well as to newspapers and the Internet. *See* Smith's Brief at 12-13. Smith maintains that he now "suffers a stigma from the false statements," and "had [he] known the Commonwealth was going to assert the plea was to a sex act, [he] would have taken [the 2005 charge] to trial." *Id*. at 28-29.

In denying relief, the trial court "found that no agreement existed precluding the Commonwealth from utilizing the information contained in the investigative report or criminal complaint in any potential subsequent criminal investigation of" Smith. Trial Court Opinion, 5/1/25, at 3.

After a careful *de novo* review, we likewise determine that the 2005 plea agreement included no term or condition precluding the Commonwealth, in a future matter, from referring to any aspect of the 2005 case. *See Kerns*, 220 A.3d at 612. Smith does not cite to any place in the plea agreement for such a term. Instead, as stated above, where the written plea agreement allowed a response to the heading, "State specifically in detail any plea agreement with the District Attorney," there is nothing written. Guilty Plea Colloquy,

2/3/06, at 2. Thus, we conclude the Commonwealth did not breach the terms of the plea agreement. **Kerns**, 220 A.3d at 611–12.

Furthermore, our review of the incomplete pages of the 2017 affidavit of probable cause and criminal complaint, attached to Smith's underlying petition, does not support his continued insistence that the Commonwealth misrepresented the 2005 charges. Both the affidavit of probable cause and the one page of the police criminal complaint acknowledged: "Due to Pennsylvania law and the age difference of the [V]ictim and Smith[,] corruption of minors was the only crime which could have been charged." Affidavit of Probable Cause, 1/11/17; Police Criminal Complaint (undated), Exhibits to Motion to Reopen and Vacate Conviction, Sentence and Plea *Nunc Pro Tunc* Due to Breach of Plea Agreement, 2/19/25, at 8 (unnecessary capitalization omitted).

Finally, to the extent Smith alleges that in the 2017 case, the Commonwealth made misrepresentations in its charging documents, in the application for a search warrant, or before the trial court, he could have raised such a claim in that case. In the direct appeal, however, while Smith presented a multitude of issues, he did not claim any misrepresentation relating to his 2005 case.[8]

_____

[8] **See Smith**, 206 A.3d at 556-557 (listing Smith's issues regarding the: sufficiency of the evidence; admission of expert testimony; trial court's striking of a juror; limiting of the direct examination of a defense fact witness;
*(Footnote Continued Next Page)*

For the foregoing reasons, we conclude the trial court did not err in denying Smith's petition to enforce the terms of his 2005 plea agreement. We thus affirm the court's order.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/23/2025

---

legality of the sentence for corruption of minors; and discretionary aspects of sentencing).